### UNITED STATES v. BEAN et al.

(District Court, D. Montana. January 31, 1903.)

#### No. 65.

1. PUBLIC LANDS—ACTION FOR UNLAWFUL CUTTING OF TIMBER—SURVIVAL.

The United States may maintain an action against an executor to recover the value of timber alleged to have been unlawfully cut and removed from public lands by his testator, the trespass being one from which the estate received a benefit.

2. SAME—EFFECT OF STATE STATUTES.

The right to maintain such an action is not limited or affected by a state statute requiring all claims against the estate of a decedent to be first presented to the executor for allowance.

At Law. On demurrer to complaint.

Carl Rasch, U. S. Atty., and F. A. Maynard, Special Asst. U. S. Atty.

A. J. Campbell and W. W. Dixon, for defendants.

KNOWLES, District Judge. In this case Margaret P. Daly, as the executrix of the last will and testament of Marcus Daly, deceased, was sued for the value of a large amount of lumber alleged to have been cut and taken from the lands of the government of the United

States by her testator and his codefendan:s. This case is one of six brought by the plaintiff against the said Margaret P. Daly and other defendants, involving large quantities of lumber, and of large value; and it is alleged that the said defendants wrongfully and unlawfully took the said lumber, and disposed of the same to their own use and benefit.

The said executrix, Margaret P. Daly, by her counsel, has filed separate demurrers to the complaints generally, on the ground that the same do not state facts sufficient to constitute a cause of action against her as executrix aforesaid. The point raised by these demurrers is that the charge in each of said complaints is for a tort alleged to have been committed by Marcus Daly in his lifetime, and that a right of action did not survive, as against his personal representative, except by virtue of the statutes of Montana, and that, if plaintiff resorted to the rights given by said statutes of Montana, it must abide by the provisions of law for the collection of claims against an estate, in this: that the said claim should be first made out in the manner provided by statute, and presented to the executrix for allowance. There is no allegation in the complaints that this had been done. I find, however, that it is not true that the right to bring this action only exists by virtue of the statutes of Montana, but that it existed at common law in such a case as this. Here it appears that the defendant's testator, with the other defendants, obtained the lumber sued for, and converted the same to their own use and benefit. Marcus Daly thus received a benefit from the trespass alleged in the complaint, and, by virtue of numerous decisions, his estate would be liable for this benefit. Hambly v. Trott, 1 Cowp. 371; vol. 2, English Ruling Cases, 1; 3 Williams on Executors, pp. 232, 233; 1 Woerner's American Law of Administration, *p. 618; 1 Jaggard on Torts, p. 41; 2 Addison on Torts, p. 558; Webb's Pollock on Torts, p. 81; Schouler on Executors (3d Ed.) § 372; Cooper v. Crain, 9 N. J. Law, 175.

Now, having this right outside of the statute, the question arises as to whether or not the United States can be incumbered in maintaining its actions by any state law? I am inclined to believe that they cannot, unless specially named therein, and the demurrers are therefore overruled.